# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:03-cr-88-01

FILED: **11/22/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK

United States of America

v.

Martin Wayne Segeada

       Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

  Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed August 31, 2010, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on January 28, 2004, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of making a false statement in the attempted acquisition of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was subsequently sentenced to 77 months imprisonment followed by 2 years supervised release subject to the standard conditions of release, plus special conditions financial disclosure; drug aftercare; and a $100 special assessment.

## II. The Period of Supervision

On August 17, 2009, defendant completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on August 31, 2010. The petition alleges that defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| 2. Standard Condition: | | Defendant shall report to the probation officer, as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |

| | |
|---|---|
| 3. Standard Condition: | Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |
| 4. Standard Condition: | Defendant shall notify the probation officer ten days prior to any change of residence or employment. |
| 5. Standard Condition: | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |

As grounds, the petition alleges that: 1. On August 22, 2010, Martin Segeada was arrested by the Lumberton Police Department for a Class C theft, which occurred on January 4, 2010. On August 21, 2010, Martin Segeada was arrested by the West Orange Police Department for theft of property. On August 16, 2010, Martin Segeada was arrested by the Texas Department of Public Safety for failure to identify giving false/fictitious information. On August 15, 2010, Martin Segeada was arrested by the Beaumont Police Department for failure to identify giving false/fictitious information; 2. On August 11, 2010, a certified letter was sent to Martin Segeada instructing him to report on August 17, 2010, and he failed to report as instructed; 3. On June 17, 2010, the U.S. Probation Officer conducted a home visit and was informed by the offender's brother and sister-in-law that Mr. Segeada no longer lived at their residence. Additionally, Mr. Segeada's sister-in-law stated the offender was no longer employed with the Beaumont Enterprise. On Martin Segeada's written monthly report form for July 2010 and August 2010, he reported that he was still living at his brother's residence and working for the Beaumont Enterprise; 4. On June 17, 2010, the U.S. Probation Officer conducted a home visit and was informed by the offender's brother and sister-in-law that Mr. Segeada no longer lived at their

residence; and 5. Martin Segeada has not notified the U.S. Probation Office of the above noted arrests.

### IV. Proceedings

On November 17, 2010, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced a partial agreement. Defendant agreed to plead "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. In exchange for defendant's plea of "true," the government agreed to decline to proceed with the remaining alleged violations of supervised release conditions.

Regarding an appropriate sanction, the parties agreed that the court should revoke defendant's supervised release. The parties did not agree, however, as to the term of imprisonment and potential term of supervised release thereafter. The government recommended a sentence of imprisonment of 12 months and 1 day with no supervised release to follow due to defendant's multiple arrests demonstrating an inability to adhere to conditions of supervision. The defendant requested 6 months of imprisonment and 10 months of supervised release based upon his eagerness to help support his wife and daughter and his previous completion of almost half of his supervised release without incident.

Defendant did plead "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer within

seventy-two hours of being arrested or questioned by a law enforcement officer.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence

of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a standard condition of supervised release by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to notify the probation officer within seventy-two hours of his multiple arrests.

**<u>Conclusions and Justification:</u>**

Defendant's violation is a Grade C violation, and defendant's criminal history category is VI. Policy guidelines suggest 8 to 14 months imprisonment upon revocation. Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer for 4 separate arrests. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

Given defendant's lengthy criminal history, and evidence suggesting that while on supervised release, he engaged in questionable conduct, resulting in 4 arrests within a period of 8 days, the term of incarceration should not be less

than recommended by the guidelines. Because defendant has successfully completed a significant portion of supervised release, however, and the conduct resulting in revocation is of a relatively minor nature, a revocation sentence at the top of the guidelines also is inappropriate. A sentence of 8 months imprisonment with no supervised release to follow is reasonable.

### RECOMMENDATIONS

1. The court should find that defendant violated a standard condition of supervised release, by failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 8 months to be served consecutively to any sentence of imprisonment that the defendant is serving.

4. No supervised release to follow.

### OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __22__ day of November, 2010.

                                          _____
                                          Earl S. Hines
                                          United States Magistrate Judge